J-S59039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEWIS B. SHILLING JR. :
:
Appellant : No. 107 EDA 2018

Appeal from the Judgment of Sentence December 1, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000989-2016,
CP-09-CR-0003041-2012, CP-09-CR-0003998-2017,
CP-09-CR-0005247-2015

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED DECEMBER 06, 2018**

Lewis B. Shilling, Jr., appeals from the judgment of sentence imposed on December 1, 2017, in the Bucks County Court of Common Pleas. The trial court sentenced Shilling to a term of one to three years' imprisonment, following his guilty plea to retail theft, receiving stolen property, and defiant trespass,[1] at Docket No. 3998-2017. That same day, the court also imposed concurrent sentences of one to three years' imprisonment at Docket Nos. 989-2016 and 5247-2015, for Shilling's violation of probation in those cases.[2] On appeal, he challenges the discretionary aspects of his sentence. We affirm.

_____

[1] **See** 18 Pa.C.S. §§ 3929(a)(1), 3925, and 3503(b)(1)(i), respectively.

[2] Shilling also appealed a probation violation sentence at Docket No. 3041-2012. However, the sentencing order reveals supervision was terminated and

The facts underlying Shilling's convictions are well-known to the parties and not pertinent to this appeal. To summarize, on September 12, 2017, Shilling entered a guilty plea at Docket No. 3998-2017, to retail theft and related charges. That same day, he also admitted he violated the terms of his probation/parole in three other cases, Docket Nos. 3041-2012, 5247-2015, and 989-2016. The sentences on all four dockets were deferred until December 1, 2017. On that date, the trial court imposed three concurrent terms of one to three years' imprisonment for the guilty plea at Docket No. 3998-2017, and the probation violations at Docket Nos. 5247-2015 and 989-2016. As noted *supra*, the sentencing order at Docket No. 3041-2012 indicates Shilling's supervision was terminated and the case was closed. This timely appeal from all four dockets followed.[3, 4]

---

the case was closed on December 1, 2017. **See** Docket No. 3041-2012, Order, 12/1/2017.

[3] On January 2, 2018, the trial court ordered Shilling to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Shilling complied with the court's directive, and filed a concise statement on January 22, 2018.

[4] We note Shilling's notice of appeal lists all four docket numbers, despite the fact they are separate matters. Although this was a common practice, on June 1, 2018, the Pennsylvania Supreme Court filed its decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), holding that Pa.R.A.P. 341(a) requires "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. "The failure to do so will result in quashal of the appeal." **Id.** (footnote omitted). However, the **Walker** Court announced the decision would be applied prospectively only. **See id.** Therefore, because the notice of appeal in the present case was filed before **Walker**, we need not quash this appeal.

Shilling's sole issue on appeal is a challenge to the discretionary aspects of his sentence. When considering such a claim, we must bear in mind:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Furthermore, it is well-settled that:

> [a] challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Grays*, 167 A.3d 793, 815–816 (Pa. Super. 2017) (some citations omitted), *appeal denied*, 178 A.3d 106 (Pa. 2018).

Our review of the record reveals Shilling filed a timely notice of appeal, and included the requisite Rule 2119(f) statement in his brief, in which he contends the trial court focused solely on his prior criminal record, and failed to consider both mitigating evidence and his need for rehabilitation. *See* Shilling's Brief at 13-14. However, Shilling failed to file a post-sentence motion challenging the discretionary aspect of his sentence, and he did not

raise any of his present complaints during the sentencing hearing. *See generally* N.T., 12/1/2017.[5]

It is well-established that "where the issues raised assail the trial court's exercise of discretion in fashioning the defendant's sentence, the trial court must be given the opportunity to reconsider the imposition of the sentence either through the defendant raising the issue at sentencing or in a post-sentence motion." *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015). Furthermore, "[t]he failure to do so results in waiver of those claims." *Id.* Accordingly, we find Shilling's arguments waived, and need not address them further.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/18

---

[5] We note that, in its opinion, the trial court found Shilling's issues waived because Shilling had not ordered or paid for the sentencing transcript. *See* Trial Court Opinion, 2/5/2018, at 2-3. However, sometime thereafter, the notes of testimony were transcribed, and are now included in the certified record. Accordingly, we decline to find waiver on that basis. *See In Interest of N.B.*, 187 A.3d 941, 945 (Pa. Super. 2018) (*en banc*) ("It is well settled that this Court may affirm 'on any valid basis appearing of record.'") (quotation omitted).